Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
Paul Janzen, OSB #176240
paul@ruggedlaw.com
Rugged Law, Inc.
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Of Attorneys for Plaintiff

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MELISSA SHARPE, an Individual,<br><br>                         Plaintiff,<br><br>      v.<br><br>SHRINERS HOSPITALS FOR CHILDREN, a corporation,<br><br>                        Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)**<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>**JURY TRIAL REQUESTED** |

Plaintiff, through counsel, comes before the Court to file this Complaint for Damages against the above-named Defendant. In support of this Complaint, Plaintiff alleges as follows:

## INTRODUCTION

This case centers around the Plaintiff, a former employee of Defendant Shriners Hospitals for Children ("Shriners"), and the unlawful religious or medical discrimination she suffered because of her conflict with taking the COVID-19 vaccine and the Defendant's refusal to offer reasonable accommodations for the same.

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiff is a former employee of the Defendant who worked for Defendant in Portland, Oregon. Defendant is a corporation with

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

more than 500 employees that does regular, sustained business activity in the State of Oregon.

2.

Plaintiff has exhausted her administrative remedies through the U.S. Equal Employment Opportunity Commission and is bringing this Complaint within the 90-day time limit allocated to her by statute. On May 13, 2024, Plaintiff received a 90 day right to sue letter, making her deadline to file suit August 11, 2024. Thus, this lawsuit is timely filed.

3.

In order for an EEOC complaint to put an employer on notice of claims that could impact an entire group of employees, including a plaintiff and other similarly situated individuals, it is not necessary to include class action language or state that the EEOC complaint is on behalf of others similarly situated. *Parra v. Bashas', Inc.*, 291 F.R.D. 360, 380–81 (D. Ariz. 2013), *amended in part sub nom. Estrada v. Bashas' Inc.*, CV-02-00591-PHX-RCB, 2014 WL 1319189 (D. Ariz., Apr. 1, 2014). Plaintiff reserves the right to assert claims on behalf of a class of similarly situated individuals.

4.

On information and belief, Shriners terminated approximately over 30 religious employees who had submitted religious or exemptions from the vaccine mandates and refused to accommodate them in violation of state and federal law. The Plaintiff and other Shriners employees filed over 15 similar complaints with the EEOC or the Oregon Bureau of Labor. After receiving just one EEOC complaint, Shriners was on notice that the Plaintiff and other similarly situated employees intended to their claims for wrongful termination due to Shriners' actions. The EEOC was also on notice about these complaints.

5.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

6.

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

As described in greater detail below, Plaintiff worked at Shriners during the COVID-19 pandemic, which began in March of 2020. Plaintiff was an exceptional employee, and maintained the strictest adherence to the safety standards employed by the Defendant during the pandemic to alleviate or eliminate the risk of infection, including the wearing of personal protective equipment (PPE), regular handwashing, social distancing, regular testing, and quarantining when necessary.

7.

In the summer of 2021, the Defendant imposed a vaccine mandate on its employees. Consistent with state and federal law, employees with religious convictions anathema to the vaccine, or who had medical conditions inconsistent with the vaccine, had the right to apply for religious or medical exceptions to the vaccine.

8.

Plaintiff held sincere and profound religious belief which prevented her from being able to take the available COVID-19 vaccines. Her religious beliefs were in direct conflict with taking the COVID-19 vaccine.

9.

Shriners discovered that the vast majority of the requested exemptions from the vaccine mandate involved religious exemptions. Shriners was aware that its policies regarding whether to accommodate those with religious exemptions would have a profound negative effect on the number of religious individuals working for Shriners who has religious beliefs that prevented them from taking the available COVID-19 vaccines.

10.

After Plaintiff and other similarly situated individuals notified Shriners about their religious objections, Shriners's agents were aware that the vast majority of individuals who objected to taking the vaccines did so for religious reasons.

11.

On information and belief, Shriners's agents had religious animus towards the employees

Page 3 – COMPLAINT FOR DAMAGES

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

with religious convictions against taking any of the available COVID-19 vaccines, and intentionally implemented policies and procedures designed to ensure that those people would not be able to continue working for Shriners under the pretext that continuing to work in a hospital setting would present a health risk to other employees or employees themselves.

12.

Shriners's claims of undue burden are also belied by the fact that Shriners refused to provide remote work as an accommodation for workers who submitted religious exemptions.

13.

Shriners retaliated against its employees who were engaged in a lawful process of filing religious exemptions by ignoring the process suggested by the EEOC, which states that sincerity of religious beliefs should be presumed. Instead, Shriners simply denied the exemptions without further investigation.

14.

Religious hospital employees with specialized jobs often had difficulty finding new employment after termination. Some had to move out of state or change professions entirely. Shriners' decision to terminate religious employees caused significant financial hardship and emotional trauma to those employees on a massive scale.

15.

Plaintiff Melissa Sharpe worked for over nine years as a Certified Surgical Technologist, including during the pandemic. She worked solely in the operating room and always wore a mask at work. She received numerous "kudos" from other employees and great reviews from the surgeons she worked with.

16.

On September 30, 2021, Plaintiff applied for a religious exception due to her deeply held religious beliefs. Plaintiff explained to Shriners that she is a Christian who believes that life begins at conception.  She wrote that "The presence of and use of human cell lines taken against the will

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

of the persons(s) aborted, having been used in the development of the vaccine, is indirectly participating in fetal abortion." As the COVID vaccines utilized fetal cell lines during their testing and development, this would be indirectly participating in fetal abortion. Plaintiff explained that according to scripture this is morally compromising "And God spoke these words, saying.."you shall not murder" (Exodus 20:1) "I call Heaven and earth as witnesses against you today that I have set before you life and death, blessing and curse. Therefore, choose life, that you and your offspring may live" (Deuteronomy 30:19). Plaintiff further explained that as a believer in Jesus, the Holy Spirit lives within her and that Jesus has said the Holy Spirit will guide each person to repent their sin and believes upon Him into all truth. Plaintiff believes God's promise that "if anyone lacks wisdom, let him ask God, who gives to all liberally" James 1:5). Plaintiff prayed many nights over the vaccination and truly believes that receiving the vaccine goes against her religious beliefs and jeopardizes her relationship with the Holy Spirit. Plaintiff's request was denied on October 14, 2024, and she was terminated on October 18, 2021.

17.

As a consequence of Defendant's unlawful actions, Plaintiff suffered mental and emotional distress, including severe stress and anxiety. Plaintiff had almost completed the process of refinancing her home, which was rescinded when she was terminated. In addition, Plaintiff was planning to have another child, which has been placed on hold indefinitely due to financial constraints. Plaintiff could not find another job in her field, and was forced to work in a local restaurant, with a drastically reduced wage and with no benefits. Although she has since resumed her career, eight months of much lower pay has taken a huge financial toll. Plaintiff was compelled to withdraw most of her retirement savings. As a result of Defendant's denial of Plaintiff's religious exception and request for reasonable accommodations, Plaintiff has incurred economic damages of at least $150,000.00 and non-economic damages of $300,000.00 or in an amount to be determined at trial.

18.

Rugged Law, Inc.
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

## FIRST CLAIM FOR RELIEF

### (Unlawful Employment Discrimination Based on Religion
### in Contravention of Or. Rev. Stat. § 659A.030)

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

19.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenets of Christianity.

20.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

21.

When Plaintiff requested an exception to the COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize or accommodate Plaintiff's religious beliefs.

22.

Instead of finding reasonable accommodation or set of accommodations to accommodate the Plaintiff's religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's individual wrongful terminations.

23.

Defendant's violations of ORS 695A.030(1) are more specifically described as follows:

1. Wrongful Termination. Defendant wrongfully terminated Plaintiff in violation of ORS 695A.030 by identifying the Plaintiff and other similarly situated employees by their initial requests for religious accommodation and terminating them after they invoked their rights under ORS 695A.030 in their requests for religious exemptions from the vaccine mandates. Defendant, by thus identifying each individual disfavored employee with sincere religious

Page 6 – COMPLAINT FOR DAMAGES

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

objection, and separating them as a group to be terminated, violated 695A.030 anti-discrimination prohibition on the basis of both disparate treatment and disparate impact. Disparate treatment occurred when Defendant used a completely new religious exemption review process during the COVID-19 mandate that was much stricter than any previous religious exemption processes for vaccine mandates.

2. Retaliation. Defendant violated retaliation provisions of ORS 695A.030 by segregating and terminating the Plaintiff and other similarly situated individuals who invoked ORS 695A.030 protections in their initial requests for religious exemptions, and then terminating them for that invocation of their rights under ORS 695A.030. Defendant, by thus identifying each individual disfavored employee with sincere religious objection, and separating all as a group for retaliation, violated Title VII's anti-discrimination prohibition on the basis of retaliation.

3. Failure to provide reasonable accommodation. Defendant failed to engage in an interactive process to reasonably accommodate the Plaintiffs' request for a religious exemption in violation of ORS 695A.030. Even though Defendant could have simply and safely permitted the Plaintiffs to continue working under a religious exemption with an N95 mask, weekly testing, or another accommodation. Defendant did not treat Plaintiff like it had treated similarly situated religious employees regarding prior vaccine mandates for influenza or other diseases. Previously, employees needed to simply check a box to obtain a religious exemption. All these policies, procedures, and practices involving the way Shriners treated religious employees seeking religious exemptions demonstrated religious animus to those employees, treating them differently than similarly situated religious employees during prior pandemics and vaccine mandates.

4. Company-wide, or systemic, discriminatory pattern or practice in violation of ORS 695A.030 which had a disparate negative impact on religious healthcare employees in Oregon. Company-wide, or systemic, discriminatory pattern or practice in violation of Title

Rugged Law, Inc.
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

VII of the Civil Rights Act. Defendant engaged in a companywide discriminatory pattern or practice of wrongfully placing the Plaintiff and other employees seeking religious exemptions from the COVID-19 vaccine mandate without making any attempt to reasonably accommodate their religious practices so that they could continue in the healthcare field. Many employees, particularly those with specialized hospital positions, were forced to move to other states or retrain to work in a totally different field due to Shriner's discriminatory policies.

24.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff has incurred economic damages of at least $150,000.00 and non-economic damages of at least $300,000.00 or an amount to be determined at trial. Plaintiff further seeks attorney's fees under ORS 695A.885.

25.

**SECOND CLAIM FOR RELIEF**
**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –**
**42 U.S.C. §2000e et seq.)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

26.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenets of Christianity.

27.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

28.

When Plaintiff requested a religious exceptions to the Defendant's COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize and accommodate Plaintiff's religious beliefs.

29.

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

Instead of finding reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's religious beliefs by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

30.

Defendant's violations of Title VII are more specifically described as follows:

1. Wrongful Termination. Defendant wrongfully terminated the Plaintiff in violation of Title VII of the United States Civil Rights Act by identifying the Plaintiff and other similarly situated employees by their initial requests for religious accommodation, and terminating them after they invoked their rights under Title VII in their requests for religious exemptions from the vaccine mandates. Defendant, by thus identifying each individual disfavored employee with sincere religious objection, and separating all as a group to be terminated, violated Title VII's anti-discrimination prohibition on the basis of both disparate treatment and disparate impact. Disparate treatment occurred when Defendant used a completely new religious exemption review process during the COVID-19 mandate that was much stricter than any previous religious exemption processes for vaccine mandates.

2. Defendant's actions caused an adverse impact both on the religious employees with specific religious beliefs which prohibited them from taking the vaccine, as well as Christians in general. Most of the employees submitting religious exemptions were from some denomination of Christianity. As a result, Shriners' policies led to a substantial reduction in the number of Christian employees who work there and led to a complete exclusion and termination of anyone who had religious beliefs in opposition to the COVID-19 vaccines.

3. Retaliation. Defendant violated retaliation provisions of Title VII by segregating and terminating the Plaintiff and other similarly situated individuals who invoked Title VII's protections in their initial requests for religious exemptions, and then terminating them for that invocation of their rights under Title VII. Defendant, by thus identifying each individual disfavored employee with sincere religious objection, and separating all as a group for retaliation, violated Title VII's anti-discrimination prohibition on the basis of retaliation.

4. Failure to provide reasonable accommodation. Defendant failed to engage in an interactive process to reasonably accommodate the Plaintiff's request for a religious exemption in violation of Title VII and the corresponding provisions of Oregon law. Even though Defendant could have simply and safely permitted the Plaintiff to continue working under a religious exemption with an N95 mask, weekly testing, remote work, or another accommodation, Defendant summarily terminated Plaintiff and other similarly situated employees with religious objections, regardless of the nature of their position and the level of risk they may have posed. Defendant did not treat Plaintiff like it had treated similarly situated religious employees regarding prior vaccine mandates for influenza or other diseases. Previously, employees needed to simply check a box to obtain a religious exemption.

5. Company-wide, or systemic, discriminatory pattern or practice in violation of Title VII of the Civil Rights Act which had a disparate negative impact on religious employees in Oregon. Defendant engaged in a companywide discriminatory pattern or practice of wrongfully terminating the Plaintiff and other employees seeking religious exemptions from the COVID-19 vaccine mandate regardless of the nature of their degree in involvement with patient care and without making any attempt to reasonably accommodate their religious practices so that they could continue in the healthcare field. This had a significant impact on Christians within Shriners and led to a substantial reduction in the

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

number of Christian healthcare employees working in Oregon during the remainder of the pandemic. Many employees, particularly those with specialized hospital positions, were forced to move to other states or retrain to work in a totally different field due to Shriners' discriminatory policies.

31.

Plaintiff has incurred economic damages of at least $150,000.00 and non-economic damages of $300,000.00 or an amount to be determined at trial. Plaintiff seeks punitive damages. She also seeks her attorney fees under the provisions of Title VII.

<strong>PRAYER FOR RELIEF</strong>

WHEREFORE, Plaintiff demands judgment against Defendant and seek the following relief:

1. Judgment in favor of Plaintiff and against Defendant on all claims relevant to her in an amount to be determined at trial.

2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.

3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.

4. Any other relief as the Court deems just and equitable.

DATED this 2nd day of August, 2024.

RUGGED LAW, INC.

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
Paul Janzen, OSB No. 176240
caroline@ruggedlaw.com
Of Attorneys for the Plaintiff