# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MELISSA SHARPE**, an individual, | Case No. 3:24-cv-01268-IM |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| **SHRINERS HOSPITALS FOR CHILDREN,** a corporation, | |
| Defendant. | |

Paul Janzen & Caroline Janzen, Rugged Law, Inc., 4550 SW Hall Boulevard, Beaverton, OR 97005. Attorneys for Plaintiff.

Sarah Ames Benedict & Meagan Himes, Davis Wright Tremaine LLP, 560 SW Tenth Avenue, Suite 700, Portland, OR 97205. Attorneys for Defendant.

**IMMERGUT, District Judge.**

Plaintiff Melissa Sharpe brings suit against Defendant Shriners Hospitals for Children for

unlawful employment discrimination under Title VII and Oregon law. Complaint, ECF 1.

Defendant moves to dismiss Plaintiff's complaint for failure to state a claim under Federal Rule

of Civil Procedure 12(b)(6). Motion to Dismiss ("Mot."), ECF 8. Because Plaintiff's claims are time-barred, Defendant's motion to dismiss is granted.

## STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to state a "claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, (2007). That means the "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If a plaintiff cannot "nudge the claim across the line from conceivable to plausible, the complaint must be dismissed." *Twombly*, 550 U.S. at 570 (cleaned up). At this stage, the court must accept as true all factual allegations, *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 969 (9th Cir. 2017), draw all reasonable inferences in favor of the non-moving party, *id.*, and take care to "examine the allegations of the complaint as a whole," *Khachatryan v. Blinken*, 4 F.4th 841, 854 (9th Cir. 2021).

"If the running of the statute is apparent on the face of the complaint, a statute of limitations defense may be raised by a motion to dismiss." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (citations omitted).

## BACKGROUND

For purposes of the Motion to Dismiss, this Court takes the allegations of the complaint, summarized here, as true. Plaintiff worked at Defendant's Portland hospital as a Certified Surgical Technologist for over nine years. Complaint ("Compl."), ECF 1 ¶ 15. She states that she received "numerous 'kudos'" and great reviews from other employees and surgeons she worked with. *Id.*

PAGE 2 – ORDER GRANTING MOTION TO DISMISS

In the summer of 2021, Defendant imposed a COVID-19 vaccine mandate on its employees. *Id.* ¶ 7. Plaintiff Sharpe is a devout Christian, and her religious convictions prevented her from taking the vaccine. *Id.* ¶ 16. Plaintiff applied for a religious exception to the vaccine mandate. *Id.* Defendant denied her request on October 14, 2021,[1] and terminated Plaintiff's employment on October 18, 2021. *Id.*

Plaintiff filed a religious discrimination complaint with the Oregon Bureau of Labor and Industries ("BOLI") on August 23, 2022, which she requested be co-filed with the Equal Employment Opportunity Commission ("EEOC"). Declaration of Sarah Ames Benedict ("Benedict Decl."), ECF 9 ¶¶ 2–4; Exs. 1, 3. Plaintiff was mailed a right-to-sue letter from BOLI on May 22, 2023. *Id.* Ex. 2. Plaintiff was mailed a right-to-sue letter from the EEOC on April 30, 2024, *id.* Ex. 3, but Plaintiff's counsel did not receive that letter until May 13, 2024. Declaration of Paul Janzen ("Janzen Decl."), ECF 12 ¶ 3, Ex. 1. Plaintiff filed the present action on June 26, 2024. Compl., ECF 1.

## DISCUSSION

Plaintiff alleges that Defendant wrongfully terminated her employment after failing to make a good-faith effort to accommodate her sincere religious beliefs.[2] *Id.* ¶ 18–30. She brings claims for employment discrimination under both Title VII of the Civil Rights Act of 1964 and O.R.S. 659A.030. *Id.* Defendant moves to dismiss Plaintiff's complaint under Federal Rule of

---

[1] Plaintiff's complaint states that her religious exemption request was denied on "October 14, 2024." Compl., ECF 1 ¶ 16. This Court assumes this was a clerical error and that Plaintiff's request was denied on October 14, 2021.

[2] Plaintiff's counsel agreed to withdraw all claims that were the subject of Defendant's Motion to Dismiss other than the failure-to-accommodate claim under state and federal law. Plaintiff's Response to Defendant's Motion to Dismiss ("Resp."), ECF 11 at 12. This Opinion therefore only addresses the timeliness of that claim under state and federal law.

Civil Procedure 12(b)(6), arguing that Plaintiff's state and federal claims are both time-barred.

Motion to Dismiss ("Mot."), ECF 8 at 6–14. This Court agrees and grants the motion to dismiss.

## A.  State Law Claim

Plaintiff's state law claim is time-barred. This Court has held in several similar cases that, when a plaintiff files a complaint with BOLI, the statute of limitations for claims brought under O.R.S. 659A.030 is 90 days following the mailing of the right-to-sue letter.[3] O.R.S. 659A.875(2). Plaintiff filed a complaint with BOLI. Benedict Decl., ECF 9, Ex. 1. BOLI mailed its right to sue letter on May 22, 2023. *Id.* Ex. 2. Plaintiff therefore had 90 days—until August 20, 2023—to file suit under O.R.S. 659A.030. Plaintiff filed suit on August 2, 2024, so her state law claim is time-barred.

## B.  Title VII Claim

This Court next addresses the timeliness of Plaintiff's EEOC charge. Plaintiff did not timely file her charge with the EEOC, and her Title VII claim is therefore time-barred.

When the EEOC has a "worksharing" agreement with a state agency, an employee who initially files a charge with an authorized state agency, as Plaintiff did with BOLI, "ordinarily need not file separately with federal and state agencies" because the state agency will relay the charge to the EEOC. *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1846 (2019). A complaint filed

---

[3] *See Starks v. Legacy Health*, No. 3:24-cv-01094-IM, slip op. at 5–6 (D. Or. Dec. 5, 2024); *Mikityuk v. Legacy Health*, No. 3:24-cv-01072-IM, slip op. at 5–6 (D. Or. Dec. 2, 2024); *Miller v. Legacy Health*, No. 3:24-cv-01073-IM, slip op. at 5–6 (D. Or. Nov. 26, 2024); *Bowerman v. St. Charles Health Sys.*, Inc., No. 6:23-cv-01488-MC, 2024 WL 3276131, at *8 (D. Or. July 1, 2024); *Riser v. St. Charles Health Sys.*, Inc., No. 6:23-cv-01720-AA, 2024 WL 2864405, at *2–3 (D. Or. June 6, 2024); *Craven v. Shriners Hosps. for Child.*, No. 3:22-cv-01619-IM, 2023 WL 5237698, at *4 (D. Or. Aug. 15, 2023); *see also Leland v. Supervalu Wholesale Ops., Inc.*, No. 3:19-cv-02076-IM, slip op. at 10 (D. Or. Apr. 15, 2020).

with the state agency is deemed to have been received by the EEOC on the same day.

*Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1175 (9th Cir. 1999).

When a worksharing agreement is in place, 42 U.S.C. § 2000e-5(e)(1) requires a claimant to file her charge with the authorized state agency within 300 days of the allegedly unlawful employment practice. *Nat'l Passenger R.R. Corp. v. Morgan*, 536 U.S. 101, 104–05 (2002). Discrete discriminatory acts, such as terminations, "are not actionable" if a related charge is filed after the 300-day limit imposed by 42 U.S.C. § 2000e-5(e)(1). *Id.* at 112–115.

Plaintiff alleges she was unlawfully terminated on October 18, 2021. She did not file her BOLI charge until August 23, 2022—309 days later. Benedict Decl., ECF 9 ¶ 16, Exs. 1, 3. Her claim thus falls outside Title VII's 300-day deadline.

A failure to timely file an EEOC charge is not necessarily fatal because the "time period for filing a charge is subject to equitable doctrines such as tolling or estoppel." *Morgan*, 536 U.S. at 113; *see Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) (explaining that equitable tolling is warranted "when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time"). One equitable tolling rule is the single-filing rule, in which the employee "piggyback[s]" onto the timely charge filed by another plaintiff for purposes of exhausting administrative remedies. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). Plaintiff points to another employee, the plaintiff in *Gamon v. Shriners Hospitals for Children*, No. 3:23-cv-00216-IM, who timely filed a charge alleging "nearly identical" facts to Plaintiff's claims. *See EEOC v. Fry's Elecs., Inc.*, 770 F. Supp. 2d 1167, 1171 (W.D. Wash. 2011). Plaintiff argues that she should be permitted to rely on that filing to maintain this action. Resp., ECF 11 at 7–11.

This Court concludes that the single-filing rule is not applicable here. As Plaintiff acknowledges, this rule only applies "where a piggybacking plaintiff seeks to join or intervene in an existing lawsuit, not bring an independent action." Resp., ECF 11 at 9. This rule most commonly applies when a class of similarly situated plaintiffs seek to rely on one plaintiff's exhaustion of administrative remedies. *See Harris*, 682 F.3d at 1136. Outside the class-action context, it also applies when a plaintiff seeks to join in a lawsuit filed by a plaintiff who timely exhausted her administrative remedies. *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1198 (10th Cir. 2004). It does not, however, apply where a plaintiff who did not timely file her charge with the EEOC seeks to rely on another plaintiff's charge from an entirely separate individual action, *Inda v. United Air Lines, Inc.*, 565 F.2d 554, 559 (9th Cir. 1977), which is what Plaintiff seeks to do here. Plaintiff is not attempting to intervene or join in Ms. Gamon's suit,[4] and cannot rely on Ms. Gamon's EEOC charge to bring this action. Her Title VII claim is therefore untimely. No amendment would remedy these defects, *see Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008), so this dismissal on these grounds is without leave to amend.

## CONCLUSION

Defendant's Motion to Dismiss, ECF 8, is GRANTED. Plaintiff's claims are DISMISSED without leave to amend.

**IT IS SO ORDERED.**

DATED this 30th day of December, 2024.

/s/ Karin J. Immergut
Karin J. Immergut

---

[4] Although Plaintiff's brief "requests that she be permitted to join her claim" with Ms. Gamon, Resp., ECF 11 at 7, a response to a motion to dismiss is not an appropriate vehicle by which Plaintiff may move to join in a separate lawsuit. *See* Local Rule 7-1(b). This Court will not determine at this time whether Plaintiff may intervene in Ms. Gamon's lawsuit.

United States District Judge